UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN W. EOFF,

    Plaintiff,                                  CIVIL ACTION NO. 05-CV-70814-DT

    v.                                      DISTRICT JUDGE VICTORIA ROBERTS
                                                   MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  The parties' respective Motions for Summary Judgment should be DENIED, and the instant case remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), because essential factual issues still remain unresolved.

                                                          *   *   *

Plaintiff filed an application for Social Security disability insurance benefits on July 29, 2002, alleging that he had become disabled and unable to work on December 15, 2001[1], at age 47, due to radiating back pain, emphysema, hand numbness and mental depression. Benefits were denied by the Social Security Administration.  A requested de novo hearing was held on June 29, 2004, before Administrative Law Judge (ALJ) Maren Doughtery. The ALJ found that the claimant retained the residual functional capacity to

---

[1]In his Motion for Summary Judgment, Plaintiff altered his alleged onset date of disability to June 30, 2004, when he reached the age of 50 years old.

perform a limited range of light work providing a sit-stand option. The ALJ restricted claimant from work requiring overhead reaching or sustained flexion of the neck. There would also be no exposure to dust, fumes, gases or chemical odors. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 50 years old at the time of the administrative hearing. He had been graduated from high school, and had been employed during the relevant past as a loan officer, automobile salesman and real estate investor (TR 21, 98, 113).  As a mortgage loan officer, he did a lot of standing and walking. He wrote many reports and memorandums, and was required to lift upwards of 10 pounds on a regular basis (TR 114). Plaintiff testified that his employer asked him to voluntarily resign his job as a loan officer in July 2002 when he was unable to perform his job duties due to severe joint pain[2] (TR 113, 267). Plaintiff allegedly remained disabled due to severe upper back, neck and left shoulder pain as well as numbness in both his hands (TR 267-269).  As a result of his back, neck and shoulder pain, the claimant was allegedly unable to sit, stand or walk for prolonged periods. He estimated that he could sit for 20 minutes, stand 5 minutes and walk for approximately 45 minutes before needing to rest (TR 274).  Plaintiff maintained that he was unable to engage in exertional activities, and he spent his days building boat models (TR 276).

---

[2]Plaintiff redeemed a workers' compensation claim in October 2003 (TR 90-91).

A Vocational Expert, Frank Mendrick, classified Plaintiff's past work as a loan officer as sedentary to light, semiskilled activity (TR 281). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted (TR 293). If he were capable of light work, however, there were numerous semiskilled telemarketing, receptionist and telephone operator jobs that he could still perform with minimal vocational adjustment (TR 283-284). These jobs were performed in clean air environments and allowed a sit-stand option every 45 minutes. The jobs did not require any overhead reaching or repetitive neck rotation (TR 282-283).

MEDICAL EVIDENCE

The medical record revealed that Plaintiff has had a long history of cervical spine problems. In August 1993, he underwent a cervical laminectomy (TR 147). When the pain recurred in March 1995, the claimant required a cervical diskectomy and fusion with instrumentation (TR 151). Plaintiff was referred to physical therapy by his family doctor in April 2002, after complaining of constant neck pain with overhead work, carrying, lifting, driving and reaching (TR 164-166, 173-179 223), However, the treatment had to be discontinued after just a week, due to complaints of severe pain and a general lack of progress (TR 192-208).

An orthopedic evaluation in June 2002, resulted in a diagnosis of cervical radiculitis of the left upper extremity due to foreaminal stenosis at C4-5 (TR 167-170). An MRI indicated a possible impingement on the left of the C6 nerve root (TR 161-166). Cervical spine X-rays taken in January 2003, showed a large anterior spur at C5-6, as well as a loss of the normal cervical lordosis (TR 222). Home exercises, trigger point injections

and cervical traction failed to relieve the back pain (TR 173-179). Consequently, Plaintiff underwent a third back operation (an anterior cervical decompression and fusion at the C5/6 level) on September 2, 2003 (TR 210, 217).

The treating orthopedic surgeon, Dr. Glenn Minster, reported on July 7, 2004, that Plaintiff continued to experience neck and radiating arm pain ten months after the back surgery. A physical examination noted tenderness along the posterior cervical spine. Plaintiff also suffered pain when asked to flex, extend or rotate his neck. Dr. Minster diagnosed a status post revision of a herniated cervical disc, and he recommended that Plaintiff undergo pain management treatment to help relieve his neck discomfort. Dr. Minster suggested that Plaintiff not return to any type of work until further evaluation of his back condition could be completed (TR 234).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of lumbar spondylolysis, degenerative disc disease of the cervical spine and emphysema, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ determined that claimant's neck, back and hand pain prevented him from sitting or standing for longer than 45 minutes. Plaintiff was restricted from overhead reaching, head flexion and repetitive neck rotation. The Law Judge further limited Plaintiff to work in clean air environments. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains he is disabled as a result of upper back and neck pain, hand numbness and breathing difficulties. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his

age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record that Plaintiff retained the residual functional capacity to perform a restricted range of light work after June 2004.  The Law Judge failed her burden of proving that substantial numbers of specific jobs existed in the national economy accommodating claimant's known restrictions.

The medical evidence demonstrated, and the Law Judge found, that Plaintiff suffers from chronic back and neck pain stemming from a cervical spine disorder, as well as lumbar spondylolysis and emphysema (TR 26). The ALJ determined that Plaintiff needed to change position every 45 minutes, and not perform any overhead reaching or sustained neck flexion (TR 27).

A review of the medical evidence in the record finds that there is a lack of objective clinical evidence supporting the Law Judge's residual functional capacity determination that the claimant could perform a restricted range of light work.  The most recent medical examination found in the record is from the treating orthopedic surgeon, Dr. Glenn Minster, who reported on July 7, 2004, that Plaintiff continued to experience neck and radiating arm pain ten months after his September 2003 cervical spine surgery. Dr. Minster recommended that Plaintiff not return to work until he completed pain management treatment to help alleviate his neck and shoulder discomfort (TR 234). The present record does not contain any subsequent medical evaluation detailing the claimant's back and neck condition since the completion of the pain management program.

While the Law Judge relied on the one time consultative examination of Dr. S.E. Newman for his determination that Plaintiff avoid head flexion, overhead activities, and neck rotation (TR 223), this doctor's evaluation took place nearly 8 months prior to the claimant's most recent back surgery.  Moreover, there is no medical corroboration supporting the ALJ's finding that Plaintiff needs to change positions every 45 minutes.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner.  42 U.S.C. § 405(g) (1982).  This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980).

By establishing that he could not return to his past relevant work due the pain caused by his cervical spine condition, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his impairments.  The Commissioner, however, failed to meet this burden because the hypothetical question posed to the Vocational Expert could not reflect the functional limitations currently being experienced by Plaintiff since the completion of the pain management treatment program.

The present record, however, does not compel the immediate award of benefits because there is no indication that the claimant's pain symptoms and respiratory problems, by themselves, would prevent him from performing substantial gainful activity.[3]

---

[3] In a reply to Defendant's Motion for Summary Judgment, Plaintiff concedes that a remand for further administrative proceedings was necessary because essential factual issues remained unresolved (See Plaintiff's Reply to Defendant's Motion for Summary Judgment at pp. 2-6).

**7**

Given the flawed hypothetical question posed to the Vocational Expert, the undersigned is persuaded that the instant case should be remanded to the SSA, under sentence four of 42 U.S.C. § 405(g), for additional fact finding to ascertain whether alternative jobs exist in the economy, notwithstanding Plaintiff's current orthopedic and respiratory deficiencies.

The remand will also allow the SSA to consider the evidence submitted to the Appeals Council, but not considered by the ALJ, to see if there has been a significant deterioration in his health since the Law Judge's opinion.[4] It will also permit Plaintiff to testify further at a new hearing, and give the ALJ the opportunity to consider additional vocational and medical evidence as to the current functional limitations stemming from his multiple impairments. Accordingly, it is recommended that the parties' respective motions for Summary Judgment should be denied, and the instant case remanded for further administrative proceedings to include supplementary medical examination and vocational expert testimony pursuant to sentence four of 42 U.S.C. § 405(g).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

---

[4] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 559-593) was not considered by the undersigned.

Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED:  November 29, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 29, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 29, 2005. **Margaret A. O'Donnell.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217