UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN W. EOFF

        Plaintiff,

v.                                    Case No. 05-70814
                                      Hon. Victoria A. Roberts

JO ANN B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

        Defendant.
_____

**I.    INTRODUCTION**

This matter is before the Court on cross-motions for summary judgment. For the following reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and **REMANDS** for rehearing.

**II.    BACKGROUND**

This action arises out of the denial of benefits to Plaintiff, Glenn W. Eoff. Plaintiff suffers from several conditions, including degenerative disc disease, emphysema, and lumbar spondylolysis.

Plaintiff has a long history of cervical spine problems. He has undergone three surgeries. The first, in 1993, was a laminectomy at C6/7. The second, in March of 1995, was a diskectomy/fusion at C6/7. Finally, following failed attempts at physical therapy due to continued pain, on September 2, 2003, Plaintiff underwent anterior cervical decompression and fusion at C5/6, as well as removal of the hardware

previously placed at C6/7.

Plaintiff complains that he currently has constant pain in both shoulders and his upper back. He claims the pain is worse when he: (1) holds his head in any one direction for an extended period, (2) moves suddenly, (3) reaches across his body or (4) reaches above shoulder level. He also claims he cannot lift or stand for more than five minutes without low back pain. He can lift 10 lbs. frequently and may be able to lift as much as 20 lbs. Additionally, Plaintiff has neck pain. He can only hold his head up normally for approximately 20 minutes before he has to rest his head on something. Plaintiff also claims he has Raynaud's disease which causes pain in his hands with abrupt changes in temperature. Lastly, Plaintiff claims he gets dizzy and nauseous when doing even minor reading, possibly because of his head positioning.

On July 29, 2002, Plaintiff filed an application for Social Security disability benefits. A hearing was held before Administrative Law Judge ("ALJ") Maren Doughtery on June 29, 2004. The ALJ issued a decision on July 29, 2004 denying benefits. The Appeals Council declined review. Plaintiff filed an appeal to this Court on March 2, 2005.

On July 27, 2005, Plaintiff filed a motion for summary judgment. Defendant filed a motion for summary judgment on October 21, 2005. Both motions were referred to Magistrate Judge Donald A. Scheer. He filed a Report and Recommendation ("R&R") on November 29, 2005, recommending denial of both motions and remand for further administrative proceedings. Defendant filed objections to the R&R on December 13, 2005. Plaintiff responded to the objections on December 21, 2005.

**III.    STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand even if the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

## IV.   APPLICABLE LAW AND ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe

3

impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work.  *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor; that there is other work available in the economy that the claimant can perform.  20 C.F.R. §§404.1520(b)-(f).  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987).  This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments.  *Id.*

### A.   ALJ Determination

The ALJ denied Plaintiff benefits at step five.  She found Plaintiff had an RFC that allowed him to perform a "significant range of light work." [Transcript, p. 25].  She found he had an RFC to perform light work which "permits him to change position every 45 minutes to an hour, avoid exposure to concentrated pulmonary irritants and temperature extremes, and does not require reach overhead, sustained flexion of the neck or more than occasional rotation of the neck." [Transcript, p. 27].  Based on this RFC and testimony of a vocational expert, she found Plaintiff could perform a significant number of jobs in the community, including telephone operator, telemarketer, and reception/information clerk.  *Id.*

The ALJ did not find credible all of Plaintiff's claims regarding his limitations.  She


did not find credible his allegation of depression [Transcript, p. 23]. She apparently did not credit Plaintiff's claim that he could only hold his head up for approximately 20 minutes without needing to rest it on something. [Transcript, p. 24-25]. Additionally, Plaintiff claimed he needed to be able to change positions as necessary, but the ALJ found he only needed to be able to change his position every 45 minutes to an hour. [Transcript, p. 24].

### B.     R&R

The magistrate recommends denying both parties' motions and remanding for further factual findings. He found there was not substantial evidence to support a finding that Plaintiff had an RFC to perform a restricted range of light work. [R&R, p. 6].

The magistrate found that the last medical examination of Plaintiff resulted in a conclusion that he continued to experience neck and radiating arm pain. The physician recommended pain management treatment. The magistrate contends the hypothetical question posed to the vocational expert did not reflect the functional limitations Plaintiff reports since he completed pain management treatment. Plaintiff's last surgery was in September 2003. His doctor, Dr. Minster, examined him in July 2004 and recommended pain management. Yet, the ALJ - in concluding Plaintiff had an RFC for continued employment, relied upon an examination of Plaintiff conducted by Dr. Newman in January 2003, which was 8 months before his last surgery. The magistrate found this reliance flawed.

Additionally, the magistrate claims there was no support for the ALJ's finding that Plaintiff only needed to be able to change positions every 45 minutes.

### C.     Analysis

The issue is whether substantial evidence supported the ALJ's finding that Plaintiff had an RFC to perform light work that "permits him to change position every 45 minutes to an hour, avoid exposure to concentrated pulmonary irritants and temperature extremes, and does not require reach overhead, sustained flexion of the neck or more than occasional rotation of the neck." [Transcript, p. 27]. The parties do not dispute the other four factors in the disability determination. Defendant has the burden on the fifth factor.

Plaintiff insists that his continuing complaints in July 2004 are consistent with limitations in overhead reaching, sustained flexion and occasional rotation of the neck [Plaintiff's Response to Objections, p. 1], but argues that no medical evidence corroborates that he can sit or stand for 45 minutes [Plaintiff's Response, p. 2]. He also argues that his claim that he could not sit or stand without support for his head or neck should have been credited. [Plaintiff's Response, p. 1]. Defendant maintains there was substantial evidence for the RFC because it was consistent with the medical evidence.

Plaintiff testified that he cannot hold his head up for more than 20 minutes without pain. [Transcript, p. 274]. The ALJ did not totally credit Plaintiff's testimony regarding his neck limitations because the ALJ concluded this statement was not supported by medical evidence. The ALJ noted that after a complete exam in January 2003, before Plaintiff's third surgery, he was "advised to limit flexion and extension of the head, overhead activities, rotation of the neck from side to side, and reaching, stretching, pushing and pulling with the left upper extremity." [Transcript, p. 24]. Plaintiff underwent the third surgery in September 2003. The ALJ found that based on the medical findings in July 2004, which reported *continued* neck pain and radiating arm

6

pain, there was no indication that the third surgery resulted in any *additional* limitations. However, the magistrate argued that there should be more findings made based on the recommendation that Plaintiff undergo pain management *because of his continued complaints of neck* and radiating arm pain. Apparently, there were no medical findings one way or the other, of the success of the pain management program in addressing Plaintiff's neck pain, which Plaintiff says caused him to not be able to hold his head up for more than 20 minutes at a time.

"There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record." *Jones v. Commissioner of Social Security*, 336 F.3d 469, 475 (6th Cir. 2003). And, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id.* at 476. However, there may be objective medical evidence to support Plaintiff's complaint that he cannot hold his head up unsupported for longer than 20 minutes. Further medical evidence, in light of Plaintiff's pain management program, needs to be reviewed.

Plaintiff testified that he could do a job if he were allowed to change positions as necessary and could rest his head against something. [Transcript, pp. 274-275]. The ALJ considered this claim in her decision. [Transcript, p. 24]. However, she found that Plaintiff only needed an opportunity to change position every 45 minutes to an hour, without any evidence to support this time frame. There is not substantial evidence for the ALJ's decision that Plaintiff can remain in one position for 45 minutes, in light of Plaintiff's physical impairments and testimony.

The ALJ failed to sustain her burden to show that Plaintiff could perform work in the national economy.  The ALJ must "make a finding supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs...[t]his kind of substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments."  *Howard v. Commissioner of Social Security*, 276 F.3d 235, 238 (6th Cir. 2002)(emphasis added).  The hypothetical posed to the vocational expert included an ability to remain in one position for 45 minutes to an hour. [Transcript, p. 282].  This is not an accurate portrayal of Plaintiff's physical impairments.  Therefore, the case is remanded to the ALJ for rehearing.

### V.    CONCLUSION

For the foregoing reasons, the Court:  (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion for summary judgment; (3) **DENIES** Defendant's Motion for summary judgment; and **REMANDS** for rehearing.

**IT IS SO ORDERED.**

                                          **S/Victoria A. Roberts**
                                          **Victoria A. Roberts**
                                          **United States District Judge**

**Dated:  March 7, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**

**s/Carol A. Pinegar**
**Deputy Clerk**